UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONDA BALDWIN-KENNEDY,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE CARLA L. GARRETT, et al.,<br><br>Defendants. | No. 2:24-cv-02753-DAD-CSK<br><br>ORDER GRANTING DEFENDANT GARRETT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. No. 5) |

This matter is before the court on the motion to dismiss plaintiff's complaint filed by defendant Los Angeles County Superior Court Judge Carla L. Garrett ("defendant Judge Garrett"). (Doc. No. 5.) On December 2, 2024, defendant's motion was taken under submission pursuant to Local Rule 230(g). (Doc. No. 8.) For the reasons explained below, the court will grant defendant's motion to dismiss with leave to amend.

**BACKGROUND**

On October 7, 2024, plaintiff Ronda Baldwin-Kennedy filed her complaint initiating this civil rights action in this court. (Doc. No. 1.) In her complaint, plaintiff alleges the following.

Plaintiff is a member of the California State Bar who was suspended from practicing law for 90 days beginning in early February 2024. (*Id.* at ¶¶ 5, 11.) On February 7, 2024, plaintiff's husband appeared in a limited scope as counsel for one of plaintiff's former clients in a family

1

1  law action, *Ammar v. Farrakahn* (21TRFL00365), pending before the Los Angeles County
2  Superior Court.  (*Id.* at ¶¶ 11, 12; Doc. No. 1-4.)  Defendant Judge Garrett presided over the
3  hearing at which plaintiff's husband appeared.  (Doc. No. 1 at ¶¶ 5, 13.)  During that hearing,
4  defendant Judge Garrett asked plaintiff's former client whether he was aware that plaintiff was
5  not eligible to practice law in California.  (*Id.* at ¶ 13.)  Defendant Judge Garrett later asked
6  whether opposing counsel had been notified of plaintiff's suspension from the practice of law and
7  was informed that opposing counsel had discovered that circumstance on the day of the hearing.[1]
8  (*Id.* at ¶ 17.)  Defendant Judge Garrett noted during the hearing it was her understanding that an
9  attorney is required to notify opposing counsel of the suspension of their license to practice law
10 when that license is suspended for more than 90 days, ordinarily before the suspension takes
11 effect.  (*Id.* at ¶ 18.)  Defendant Judge Garrett further noted that plaintiff had filed a notice of
12 termination for her limited scope representation on February 5, 2024, which was two days prior to
13 the hearing.  (*Id.* at ¶ 20.)

14     On February 8, 2024, plaintiff filed a complaint with the Commission on Judicial
15 Performance against defendant Judge Garrett based on her actions taken during the February 7,
16 2024 hearing.  (*Id.* at ¶ 23.)  On February 8, 2024, plaintiff initiated efforts to recall defendant
17 Judge Garrett.  (*Id.* at ¶ 25.)  In April 2024, defendant Judge Garrett, who was aware of the
18 complaint filed by plaintiff with the Commission, referred plaintiff to the State Bar of California
19 alleging professional misconduct on plaintiff's part in retaliation against plaintiff.  (*Id.* at ¶ 26.)
20 /////

---

[1] Defendant Judge Garrett requests that the court take judicial notice of several documents filed in the family law case entitled *Ammar v. Farrakahn*, No. 21-TRFL-00365, as well as documents filed in two California State Bar disciplinary actions entitled *In re Ronda Nadine Baldwin-Kennedy*, No. S282557, and *In the Matter of Ronda Baldwin-Kennedy*, No. SBC-23-O-30853. (Doc. No. 5-2.)  These documents include a judicial order, notices to the court, a declaration, a minute order, a register of actions, and a formal ethics opinion.  (*Id.* at 3–4.)  Pursuant to Federal Rule of Evidence 201(b), a court may "judicially notice a fact that is not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Courts "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted).  Accordingly, the court will grant defendant's request for judicial notice as to the requested documents.  (Doc. No. 5-2.)

1    Based upon defendant Judge Garrett's referral of plaintiff to the State Bar of California,
2 plaintiff asserts four claims[2] under federal law: (1) infringement of her freedom of speech and
3 right to engage in political activity in violation of the First Amendment and 42 U.S.C. § 1983
4 against defendant Judge Garrett; (2) retaliation in violation of 42 U.S.C. § 1983 against defendant
5 State Bar of California;[3] (3) conspiracy to violate her constitutional rights under 42 U.S.C. § 1983
6 against both defendants; and (4) a claim for injunctive relief against both defendants. (*Id.* at
7 ¶¶ 41–62.)

## LEGAL STANDARD

**A.    Motion to Dismiss Pursuant to Rule 12(b)(1)[4]**

Federal Rule of Civil Procedure 12(b)(1) permits a party to "challenge a federal court's jurisdiction over the subject matter of the complaint." *Nat'l Photo Grp., LLC v. Allvoices, Inc.*, No. 13-cv-03627-JSC, 2014 WL 280391, at *1 (N.D. Cal. Jan. 24, 2014). "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal citation omitted).

---

[2] Plaintiff does not clearly identify in her complaint which defendants she is bringing each claim against. (*See* Doc. No. 1 at 11–14.) Because plaintiff has provided some indication that her third and fourth claims are being brought against both defendants, the undersigned construes plaintiff's first two claims as being brought against only a single defendant. (*Id.*)

[3] The court observes that plaintiff lists the State Bar of California as a defendant in this action, but plaintiff has not filed a proof of service on the docket as to defendant State Bar of California and no attorney has appeared on the State Bar of California's behalf. Accordingly, because more than 90 days have passed since the complaint was filed and no proof of service has been docketed, plaintiff will be ordered to show cause why this action should not be dismissed as to defendant State Bar of California. Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 4(*l*)(1) ("unless service is waived, proof of service must be made to the court.").

[4] The court notes that defendant Judge Garrett moved to dismiss plaintiff's claim for injunctive relief pursuant to Federal Rule of Civil Procedure 12(b)(6) because "Plaintiff lacks standing to obtain injunctive relief[.]" (Doc. No. 5 at 2.) Plaintiff lacking Article III standing would "require[] dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)[.]" *Vizcarra v. Unilever U.S., Inc.*, No. 4:20-cv-02777-YGR, 2020 WL 4016810, at *5 (N.D. Cal. July 16, 2020); *see also Forrett v. Gourmet Nut, Inc.*, 634 F. Supp. 3d 761, 768 (N.D. Cal. 2022) (applying Federal Rule of Civil Procedure 12(b)(1) in analyzing whether plaintiff had alleged facts necessary to establish standing to pursue injunctive relief.)

The court construes the argument advanced by defendant in the pending motion to be that the allegations in plaintiff's complaint, even if assumed to be true, are insufficient to invoke this court's subject matter jurisdiction. (*See* Doc. No. 5-1 at 22–23.) Defendant Judge Garrett therefore mounts a facial attack in her motion to dismiss.

"The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

**B.     Motion to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989), *abrogated on other grounds by DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117 (9th Cir. 2019). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## DISCUSSION

In her pending motion to dismiss, defendant Judge Garrett argues that she is entitled to absolute judicial immunity with respect to her alleged referral of plaintiff to the State Bar of California and therefore cannot be held liable for monetary damages. (Doc. No. 5-1 at 20–21.) Defendant Garrett further argues that plaintiff has not sufficiently alleged standing to obtain injunctive relief. (*Id.* at 22–23.) The court will consider each argument below.

**A.     Plaintiff's § 1983 Claims for Monetary Damages**

Defendant Judge Garrett argues that reporting plaintiff to the State Bar was a judicial action for which absolute judicial immunity applies. (*Id.* at 20–21.) Plaintiff contends, without any supporting authority, that the report to the State Bar was not a judicial act but instead an "administrative action." (Doc. No. 6 at 15.) Plaintiff also argues that the report was unrelated to any official proceedings or cases over which defendant Judge Garrett had jurisdiction and accordingly the report was a non-judicial act. (*Id.* at 16.) In reply, defendant Judge Garrett argues that the report made was related to conduct in a judicial proceeding over which she had jurisdiction and that reporting an attorney to the California State Bar is a judicial action as a typical act of a judge. (Doc. No. 9 at 6.)

"It is well settled that judges are generally immune from suit for money damages." *Duvall v. Cnty of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). "There are two situations in which judges are not absolutely immune from liability arising out of official conduct. 'First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second a judge is not immune for actions, though judicial in nature, taken in the

complete absence of all jurisdiction.'" *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). The Ninth Circuit has identified four factors as relevant to the determination of whether a particular act is a judicial action:

> (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

*Id.* at 967 (quoting *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1302 (9th Cir. 1989)). "In determining judicial immunity, we have distinguished between acts 'in excess of jurisdiction' and acts 'in the clear absence of jurisdiction' by looking to the subject-matter jurisdiction of the judge: '[a] clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction.'" *Miller v. Davis*, 521 F.3d 1142, 1147 (9th Cir. 2008) (alterations in original) (quoting *Mullis v. U.S. Bankr. Ct., Dist. of Nev.*, 828 F.2d 1385, 1389 (9th Cir. 1987)).

      Attached to plaintiff's complaint is a letter from the California State Bar regarding defendant Judge Garrett's report, from which it appears that the report pertained to the family law case of *Ammar v. Farrakhan* that was pending in the Los Angeles County Superior Court. (Doc. Nos. 1 at ¶ 26; 1-6 at 2); *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). The letter refers to a hearing transcript which plaintiff also appears to have attached to her complaint. (Doc. Nos. 1 at ¶ 12; 1-4.) Because plaintiff alleges that this letter shows that defendant Judge Garrett filed a State Bar complaint against her and has attached the document to her complaint, the court treats the contents of that letter as part of the complaint and therefore in considering the pending motion to dismiss assumes the contents of the letter to be true. *Ritchie*, 342 F.3d at 908. Accordingly, the court determines that the report which plaintiff alleges defendant Judge Garrett filed with the California State Bar pertained to conduct related to the hearing conducted before defendant Judge Garrett. (Doc. No. 1-6 at 2–4) (describing conduct prior to and during the hearing which the California State Bar was requesting further information about).

The first factor to be considered in determining if the alleged referral of plaintiff to the California State Bar by defendant Judge Garrett was a judicial act, is whether that referral was a normal judicial function. The court notes that a judge reporting unethical attorney conduct that occurs in an action over which the judge is presiding is a normal judicial function. *See Sussman v. San Diego Police Dep't*, No. 20-cv-01085-JO-MDD, 2022 WL 961559, at *6 (S.D. Cal. Mar. 30, 2022) (finding that reporting unethical attorney conduct is a typical act of a judge because of a judge's ethical duty to do so). It is clear from plaintiff's complaint and the exhibits attached thereto that the referral by defendant Judge Garrett of plaintiff to the California State Bar centered on whether plaintiff had made certain required disclosures prior to a hearing over which defendant Judge Garrett presided. (Doc. Nos. 1 at ¶¶ 17, 18; 1-6 at 2–3.) Indeed, California judges have a duty to report "manifestly unprofessional conduct" which they are a witness to, indicating that a judicial referral to the California State Bar regarding an attorney's conduct in a judge's courtroom is a judicial act. *See Dodds v. Comm'n on Jud. Performance*, 12 Cal. 4th 163, 173 (1995) ("[I]f a judge is a direct witness to manifestly unprofessional conduct that is either serious or repeated, the judge should, unless circumstances dictate otherwise, report that conduct to appropriate authorities who can investigate further and take any necessary disciplinary action.") (citing Cal. Code of Jud. Ethics Canon 3D); *see also Ashford v. Hendrix*, No. 8:20-cv-00036-BCB, 2020 WL 4365481, at *6 (D. Neb. July 30, 2020) (finding that, where Nebraska law created an obligation for a judge to address known misconduct, the defendant judge was entitled to judicial immunity for filing a bar complaint against an attorney); *Leach v. Powell*, No. 4:08-cv-00009-JBF, 2008 WL 6468432, at *2 (E.D. Va. Feb. 8, 2008) (concluding that the defendant judge was entitled to judicial immunity for the filing of a bar complaint because the Canons of Judicial Conduct for Virginia authorized the defendant judge to file such a complaint), *aff'd*, 293 F. App'x 230 (4th Cir. 2008). The court therefore concludes that consideration of this factor weighs heavily in favor of finding that the action taken by defendant Judge Garrett was a judicial act.

Consideration of the other factors, namely whether the challenged action took place in the defendant judge's chambers, centered on a case pending before the defendant judge, and whether

7

the challenged action arose out of a confrontation with the defendant judge in their official capacity, does not weigh against a finding that defendant Judge Garrett's alleged referral of plaintiff to the California State Bar is a judicial act.  Although it is not entirely clear from the allegations of plaintiff's complaint, defendant Judge Garrett stated the basis for the referral of plaintiff to the State Bar during a court hearing over which she presided, thus suggesting that the referral is tied to judicial proceedings conducted in defendant Judge Garrett's courtroom.  *See Lund v. Cowan*, 5 F.4th 964, 971–72 (9th Cir. 2021) (rejecting the argument that a judicial act requires that the judge expressly decide a formal motion and holding that comments made during a court hearing are also judicial acts entitled to immunity) (citing *Forrester v. White*, 484 U.S. 219, 227 (1988)).  Moreover, the court finds that the referral was centered on a case pending before defendant Judge Garrett because the basis for the referral was tied to plaintiff's apparent failure to timely disclose her suspension to opposing counsel in that pending case.  (Doc. Nos. 1-4 at 18; 1-6 at 2) (discussing how opposing counsel in *Ammar v. Farrakhan* was not notified until the day of the hearing that plaintiff was then suspended from the practice of law).  The court further finds that the challenged action of referring plaintiff to the California State Bar arose out of plaintiff's conduct at a hearing which took place before defendant Judge Garrett acting in her official capacity.  *See Eslick v. Washington*, No. 2:21-cv-00282-TOR, 2021 WL 6063221, at *3 (E.D. Wash. Dec. 22, 2021) (finding that a challenged action occurring during a hearing before the defendant commissioner indicated that the challenged action arose directly and immediately from that hearing).  Because consideration of all these factors weigh in favor of such a finding, the court concludes that her challenged action was a judicial act.

        Plaintiff's unsupported argument that defendant Judge Garrett's action was taken in the complete absence of jurisdiction is unavailing.  As explained above, California judges have the authority and ethical obligation to refer attorneys to the California State Bar when they are direct witnesses to unprofessional conduct by attorneys appearing before them.  Plaintiff appears to argue that the filing of such a report in this instance was retaliatory, but this does not show that defendant Judge Garrett lacked the authority to file such a report.  (Doc. No. 6 at 16); *see Stimac v. Wieking*, 785 F. Supp. 2d 847, 850 (N.D. Cal. 2011) ("If the judge has jurisdiction to perform

1 the 'general act' in question, the judge is immune if the act is erroneous, if the act has

2 consequences that injure the plaintiff, and irrespective of the judge's motivation.") (citing *Harvey*

3 *v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000), *overruled in part on other grounds by*, *Wallace*

4 *v. Kato*, 549 U.S. 384, 393–94 (2007)); *see also LaTulippe v. Harder*, 574 F. Supp. 3d 870, 883

5 (D. Or. 2021) (holding that the defendant Oregon Medical Board did not act in the absence of all

6 jurisdiction by suspending the plaintiff's medical license because the defendant had the statutory

7 authority to do so). The court therefore concludes that, because defendant Judge Garrett had the

8 statutory authority to report plaintiff's conduct, defendant Judge Garrett did not act in the

9 complete absence of all jurisdiction.

Because the challenged action was a judicial act that was not taken in the complete absence of jurisdiction, defendant Judge Garrett is entitled to absolute judicial immunity. Accordingly, the court will grant defendant's motion to dismiss the first, second, and third claims of plaintiff's complaint since those claims seek only monetary relief.[5]

**B.      Plaintiff's Claim 4 for Injunctive Relief**

Defendant also contends that plaintiff has not demonstrated Article III standing to pursue injunctive relief because she has not shown a real and immediate threat of repeated injury. (Doc. No. 5-1 at 22.) Plaintiff counters that her allegations that defendant Judge Garrett reported her to the California State Bar for retaliatory purposes suffices to show that her injury is likely to be repeated. (Doc. No. 6 at 21.)

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or

---

[5] The court construes plaintiff's fourth claim as a request for injunctive relief in connection with her first three claims, since injunctive relief is not an independent claim. *Santos v. Countrywide Home Loans*, No. 2:09-cv-02642-WBS-DAD, 2009 WL 3756337, at *5 (E.D. Cal. Nov. 6, 2009). Judicial immunity for a state judge does not apply to claims for injunctive relief. *See Nemcik v. Fannin*, No. 18-cv-05120-JST, 2019 WL 720993, at *3 (N.D. Cal. Feb. 20, 2019) (finding that judicial immunity did not extend to claims for injunctive or declaratory relief against a state judge) (citing *Eggar v. City of Livingston*, 40 F.3d 312, 317 (9th Cir. 1994)); *see also Mitchell v. Kinney*, No. 2:23-cv-08702-JGB-DTB, 2024 WL 3892762, at *12 (C.D. Cal. July 9, 2024) (same), *report and recommendation adopted*, No. 2:23-cv-08702-JGB-DTB, 2024 WL 3891799 (C.D. Cal. Aug. 20, 2024).

controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983); *see also In re E. Coast Foods, Inc.,* 66 F.4th 1214, 1218 (9th Cir. 2023) (Because "standing is an 'essential and unchanging' requirement . . . a party must establish an Article III case or controversy before we exert subject matter jurisdiction.") (citations omitted); *City of Oakland v. Lynch*, 798 F.3d 1159, 1163 (9th Cir. 2015) ("A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and Article III federal courts lack subject matter jurisdiction over such suits.") (quoting *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)).

"[S]tanding requires that (1) the plaintiff suffered an injury in fact, i.e., one that is sufficiently 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical,' (2) the injury is 'fairly traceable' to the challenged conduct, and (3) the injury is 'likely' to be 'redressed by a favorable decision.'" *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (*en banc*) (citing *Lujan*, 504 U.S. at 560–61). "Standing must be shown with respect to each form of relief sought, whether it be injunctive relief, damages or civil penalties." *Id.* "[T]o establish standing to pursue injunctive relief . . . [plaintiff] must demonstrate a real and immediate threat of repeated injury in the future." *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (internal quotation omitted).

In her complaint plaintiff provides no allegations of a pattern of conduct by defendant Judge Garrett. Rather, plaintiff challenges a single instance of defendant's filing of a referral to the State Bar which plaintiff claims was done with a retaliatory motive. (Doc. No. 1 at ¶ 42.) With no asserted pattern of similar behavior, the court cannot find that plaintiff has alleged a real and immediate threat of repeated injury. *See Constantin v. Navarrete*, No. 22-cv-07075-VKD, 2025 WL 770359, at *11 (N.D. Cal. Mar. 10, 2025) (holding that a single alleged violation with no alleged pattern of behavior provided too speculative of support for future injury to establish Article III standing for injunctive relief); *cf. Dousa v. U.S. Dep't of Homeland Sec.*, No. 19-cv-01255-LAB-KSC, 2020 WL 434314, at *5–6 (S.D. Cal. Jan. 28, 2020) (holding that the plaintiff had standing to pursue injunctive relief where a pattern of surveillance and specific ways in which that surveillance had chilled her ability to partake in constitutionally-protected activities was alleged). The court concludes that plaintiff has not alleged sufficient facts in support of her

Article III standing to pursue injunctive relief. Accordingly, the court will grant defendant's motion to dismiss claim 4 in plaintiff's complaint.

**C.     Leave to Amend**

Leave to amend should be granted "freely" when justice so requires. Fed. R. Civ. P. 15(a). The Ninth Circuit maintains a policy of "extreme liberality generally in favoring amendments to pleadings." *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960). Generally, dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citation omitted); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .").

In her opposition to the pending motion to dismiss, plaintiff requests leave to amend her complaint. (Doc. No. 6 at 21–22.) Although the court is skeptical that plaintiff will be able to remedy the pleading deficiencies identified in this order, plaintiff has not yet been provided an opportunity to amend her complaint. Therefore, the court will grant plaintiff leave to amend. *See Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015) ("It is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile."). However, plaintiff is forewarned that she should not elect to file an amended complaint unless she can in good faith allege facts addressing the pleading deficiencies noted in this order.

**CONCLUSION**

For the reasons stated above,

1. Defendant's request for judicial notice (Doc. No. 5-2) is granted;

2. Defendant's motion to dismiss plaintiff's complaint (Doc. No. 5) as to defendant Judge Carla L. Garrett is granted with leave to amend;

3. Within seven (7) days of the entry of this order, plaintiff is ordered to show cause why this action should not be dismissed as to defendant State Bar of California; and

4. Plaintiff shall file her first amended complaint, or alternatively, a notice of her intent not to do so, within twenty-one (21) days from the date of entry of this order.

IT IS SO ORDERED.

Dated: **April 30, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE