UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONDA BALDWIN-KENNEDY,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE CARLA L. GARRETT, et al.,<br><br>Defendants. | No. 2:24-cv-02753-DAD-CSK<br><br>ORDER DISMISSING ACTION DUE TO PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE |

On May 1, 2025, the court issued an order granting defendant Judge Carla L. Garrett's motion to dismiss plaintiff's complaint (Doc. No. 1). (Doc. No. 11.) In that order, the court dismissed all of plaintiff's claims on the grounds that defendant Judge Carla L. Garrett was entitled to judicial immunity with respect to plaintiff's claims for monetary damages and that plaintiff otherwise lacked Article III standing as to her claims for injunctive relief. (*Id.* at 9–11.) Plaintiff was also ordered to show cause within seven (7) days from the date of entry of that order as to why this action should not be dismissed as to defendant State Bar of California. (*Id.* at 11.)

Plaintiff was also granted leave to amend her complaint as to defendant Judge Carla L. Garrett. (*Id.* at 11.) Specifically, plaintiff was directed to file either a second amended complaint or a notice of her intent not to do so within twenty-one (21) days from the date of entry of the court's order. (*Id.* at 12.) Plaintiff has not filed a second amended complaint, a notice of intent to file a second amended complaint or a response to the court's order to show cause, and the time in

1

1  which to do so has passed. In light of plaintiff's failure to timely respond to the order of the
2  court, it appears she no longer wishes to prosecute this action but rather has abandoned the
3  litigation.

4      The factors to be weighed in determining whether to dismiss a case for lack of prosecution
5  are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need
6  to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring
7  disposition on the merits; and (5) the availability of less drastic sanctions. *Pagtalunan v. Galaza*,
8  291 F.3d 639, 642 (9th Cir. 2002); *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir.
9  1998).

10     Moreover, the Local Rules of this court state that the failure of a party to comply with the
11 any order of the court "may be grounds for imposition by the Court of any and all sanctions
12 authorized by statute or Rule or within the inherent power of the Court." L.R. 110. A party's
13 failure to comply with applicable rules and law may be grounds for dismissal or any other
14 sanction appropriate under the Local Rules. *Id.*; *see also Ghazali v. Moran*, 46 F.3d 52, 53–54
15 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,
16 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of
17 complaint), *as amended* (May 22, 1992). "Despite this authority, dismissal is a harsh penalty and,
18 therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260 (9th
19 Cir. 1992),

20     Here, the public interest in expeditious resolution of litigation, the court's need to manage
21 its docket, and the risk of prejudice to defendants all support the imposition of the sanction of
22 dismissal here. Only the public policy favoring disposition on the merits counsels against
23 dismissal. However, plaintiff's failure to prosecute the action makes disposition on the merits
24 with respect to all parties an impossibility. Finally, with respect to availability of less drastic
25 sanctions, the court has considered alternative measures. The issuance of yet another order to
26 show cause would be futile under the circumstances presented.

27     Accordingly, this action will be dismissed due to plaintiff's failure to prosecute and failure
28 to comply with the court's orders.

For the reasons above,

1. This action is dismissed due to plaintiff's failure to respond to the May 1, 2025 order dismissing plaintiff's claims against defendant Judge Carla L. Garrett and directing plaintiff to show cause why this action should not be dismissed as to defendant State Bar of California (Doc. No. 11), prosecute this action, and obey court orders; and

2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **June 17, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3